UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEMETREUS ADAMS,

                Petitioner,

-against-

SUPERINTENDENT OF ELMIRA
CORRECTIONAL FACILITY, ET AL.,

                Respondents.

24-CV-6622 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner was incarcerated at Elmira Correctional Facility when he filed this *pro se habeas corpus* petition on August 21, 2024. Upon opening this new action, the Clerk's Office docketed the court's March 18, 2024 Standing Order, directing all self-represented litigants to inform the court of each change of address or electronic contact information. *See In Re: Cases Filed By Pro Se Petitioners*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order").

    According to the New York State Unified Court System, Petitioner was paroled on September 6, 2024, and he did not update his address. By order dated September 17, 2024, the Court ordered Petitioner to show cause why this action should not be dismissed without prejudice for failure to comply with the March 18, 2024 Standing Order. The Clerk of Court mailed that order to Petitioner to his address of record on September 18, 2024, and it was returned as undeliverable on October 15, 2024.

    Petitioner has not updated his address or otherwise communicated with the court. Accordingly, the Court dismisses this action, under Rule 41(b) of the Federal Rules of Civil

Procedure, for failure to comply with the March 18, 2024 Standing Order. This dismissal is without prejudice to Petitioner's filing a new civil action.

## CONCLUSION

The Court dismisses this action, under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to comply with the March 18, 2024 Standing Order. This dismissal is without prejudice to Petitioner's filing a new civil action.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: October 30, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge